The application for rehearing in this case was favorably acted upon because a majority of the Court's membership, after further study of the record, reached the conclusion that it was very doubtful if plaintiff had proven his demand for damages to that degree of certainty sufficient to warrant the judgment awarded him by the lower court. The only issue in the case involves the claim for loss of profit on account of the neon sign not functioning, due to injury, and for the period from November 16 to December 16, 1947.
Plaintiff alleged, but offered no testimony whatever to substantiate the allegation, that his "trade consists largely of transient travelers along Highway 80" on which his place of business is located. In the absence of any proof to support this allegation, it must be ignored and it will be assumed that plaintiff's trade mainly came from the locality in which his business is situated by customers acquainted with its location. He, alone, testified in his own behalf.
Plaintiff attempted to substantiate his claim for loss of profits by adding the gross sales for the three months prior to the sign being knocked down to that of the three months following restoration thereof, and from the average of these six months subtracting the amount of gross sales for the month the sign was not functioning. *Page 280 
This difference, he reasons, would represent the shrinkage in sales for this period. The amount of gross sales for said period of six months, according to plaintiff's testimony, is as follows:
Aug. 16 to Sept. 16 $3,530.17 Sept. 16 to Oct. 16 3,629.01 Oct. 16 to Nov. 16 4,063.36 Dec. 16 to Jan. 16 5,752.79 Jan. 16 to Feb. 16 3,522.95 Feb. 16 to Mar. 16 3,292.43 ---------- Total $23,790.71
6 month average 3,965.12 Sales Nov. 16 to Dec. 16 2,761.94 ---------- Estimated Loss $1,203.18
The average in gross sales mounted materially by the sales during the Christmas holidays.
Plaintiff testified that he made a profit on gross sales equal to .0909%, and granting that the falling off in sales from November 16th to December 16th amounted to $1,203.18, his loss in net profits for the period would be but $109.18. However, we are of the opinion that the proof is clearly inadequate to justify a judgment in his favor for any amount. The sales fluctuated over the six months period from a high of $5,752.79 (including Christmas trade) to a low of $3,292.43 for the period from February 16 to March 16, 1948, which latter amount is only about $500 in excess of sales for the period the sign was out.
The testimony of plaintiff shows that for several days during this period, sales were far in excess of many days prior to the time the sign was damaged, and also after it was repaired. These sales, and others in the record, demonstrate clearly the lack of probative value of these figures to determine the extent of loss in gross sales, if any, for the period the sign was not functioning. It is possible some loss in sales was sustained while the sign was out of commission but the amount thereof is not fixed by the record to that nearness which would warrant a judgment. Of course, the burden rested upon the plaintiff to sustain his demand by a preponderance of the evidence. He has not done this.
Defendant, on March 13, 1948, tendered and deposited in the registry of the Court the sum of $239.57, being the cost of repairing the sign, liability for which it admitted, plus interest and court costs to that date.
Therefore, for the reasons herein assigned the judgment appealed from is annulled, avoided and reversed insofar as it awards damages to plaintiff for loss of profits in business, but as to the award of judgment for costs of repairing the sign, it is affirmed. Plaintiff is cast for costs that accrued since the date of tender, while defendant is cast for costs to that date.
KENNON, J., dissents, adhering to opinion originally rendered.